IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **DENNIS DERRICOTT, SR.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. DKC 14-3234** |
| **v.** | * | |
| | * | |
| | * | |
| **NORA KOCH and** | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendants.** | * | |

************

<u>REPORT AND RECOMMENDATION</u>

Plaintiff *pro se* filed this tort action in state court against Nora Koch, Regional Chief Counsel for the Social Security Administration, and Carolyn W. Colvin, the Acting Commissioner of Social Security. Defendants then removed this action to this Court and now seek to substitute the United States as the party defendant and to dismiss this case for lack of subject-matter jurisdiction. ECF No. 14. Under Standing Order 2014-01, this matter has been referred to the undersigned for pretrial management and for proposed findings of fact and recommendations under 28 U.S.C. § 636(b)(1)(B) and L.R. 301(5)(b)(ix). No hearing is necessary. L.R. 105(6). For the reasons that follow, it is **RECOMMENDED** that the United States be substituted as the party defendant, that Defendants' Motion to Dismiss (ECF No. 14) be **GRANTED**, and that the case be **DISMISSED**.

<u>BACKGROUND</u>

For purposes of considering Defendants' Motion to Dismiss, the Court accepts the facts alleged in Plaintiff's Complaint as true. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir.

2011).  Plaintiff Dennis Derricott, Sr., filed this action in the District Court for Montgomery County on September 5, 2014.  Compl., ECF No. 2.  On the form provided by the district court, Plaintiff named as Defendants Nora Koch, Regional Chief Counsel for the Social Security Administration (the "SSA"), and Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner").  *Id.*  Plaintiff alleged that "Social Security Admin. Disability discriminated against me because of my disabilities by sending me to doctors not to examining [sic] for my disabilities which is a violation against the American Disability Act."  *Id.*  "As a disable [sic] American I have a right to benefits under the ADA Title II."  *Id.*  Plaintiff sought $5,000 in damages.  *Id.*  On October 15, 2014, Defendants removed the action to this Court under the Westfall Act, which provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2); *see also* Notice of Removal, ECF No. 1.

On November 21, 2014, Defendants filed a Motion to Substitute the United States as Defendant and Motion to Dismiss (ECF No. 14) with a supporting Memorandum (ECF No. 14-1).  Defendants seek to substitute the United States as the party defendant under 28 U.S.C. § 2679(d)(2).  Defendants further seek to dismiss this case under Fed. R. Civ. P. 12(b)(1) because of Plaintiff's failure to exhaust his administrative remedies pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2675(a), and to section 205(g) of the Social Security Act,

42 U.S.C. § 405(g). On December 8, 2014, Plaintiff filed a Response to Defendants' Motion to

Dismiss. Pl.'s Resp., ECF No. 16. In his Response, Plaintiff states that "[t]his case is about SSA

discriminating against [him], because of his disabilities, by sending him to doctors, that did not

examining [sic] him for his disabilities." *Id.* ¶ 1. "By their acting, SSA violated TITLE: II of the

ADA Act, and his civil rights, the 14th Amendment." *Id.* ¶ 2. Defendants did not file a reply.

## STANDARD OF REVIEW

Motions to dismiss for lack of subject-matter jurisdiction are governed by Fed. R. Civ. P.

12(b)(1). The plaintiff bears the burden of proving that subject-matter jurisdiction properly

exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d

642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the

pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond,*

*Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also*

*Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material

jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of

law." *Richmond*, 945 F.2d at 768; *see Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 599 (D.

Md. 2014); *Fletcher v. Soc. Sec. Admin.*, Civil Action No. DKC 09-1188, 2010 WL 147800, at

*2 (D. Md. Jan. 11, 2010).

## DISCUSSION

This Court recently addressed similar motions filed by Defendant Colvin in another

matter involving Plaintiff in *Derricott v. Colvin*, No. PWG-14-1996, 2015 WL 1268177 (D. Md.

filed Mar. 18, 2015). In light of *Derricott*, and as discussed below, the United States should be

substituted as the party defendant. Further, to the extent that Plaintiff alleges a claim under the

FTCA, the Court should dismiss his Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-

matter jurisdiction.    Alternatively, to the extent that Plaintiff seeks judicial review of the Commissioner's denial of his application for disability benefits, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(1) for his failure to exhaust his administrative remedies pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### A.      The United States Should Be Substituted as the Party Defendant

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229, 127 S. Ct. 881, 887 (2007) (citing 28 U.S.C. § 2679(b)(1)). Under the Westfall Act, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," any civil action in a state court immediately may be removed to a federal district court and the United States substituted as the party defendant.    28 U.S.C. § 2679(d)(2).    "This certification of the Attorney General shall conclusively establish scope of office or employment for the purposes of removal."  *Id.*  Once the United States is substituted as a party, an action under the FTCA, *id.* §§ 1346(b) & 2672, is the sole remedy available to a plaintiff, "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim."  *Id.* § 2679(b)(1); *see Derricott*, 2015 WL 1268177, at *2.

Here, Defendants indubitably are federal employees.  The United States Attorney (as the Attorney General's designee) has provided a freestanding certification that Defendants Koch and Colvin were acting in the scope of their employment in allegedly discriminating against Plaintiff on the basis of his disabilities. Defs.' Mem. Supp. Mot. to Dismiss Ex.1, ECF No. 14-2.

Moreover, the Notice of Removal asserts that, "at the time of the alleged incident, Defendants were acting within the scope of their employment as employees of the United States."  Notice of Removal ¶ 6, ECF No. 1.  The Court should find that the United States Attorney's certification is sufficient certification for the purposes of the Westfall Act.  Plaintiff has not disputed that Defendants were acting in the scope of their employment, nor does it appear that he could do so in light of the fact that he alleges tortious actions by the "Social Security Admin." and not Defendants individually (Compl., ECF No. 2; Pl.'s Resp. ¶ 4, ECF No. 16).  The United States thus should be substituted for Defendants Koch and Colvin as the party defendant.  *See Derricott*, 2015 WL 1268177, at *3.

**B.      Plaintiff's Tort Claim Is Barred by the FTCA and the Social Security Act**

As noted above, Plaintiff seeks damages in the amount of $5,000.  Defendants maintain that the Complaint should be dismissed for lack of subject-matter jurisdiction because Plaintiff failed to exhaust his administrative remedies for his tort claim.  Defs.' Mem. 6, ECF No. 14-1.

The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  Further, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after" the agency mails notice of denial of the claim.  *Id.* § 2401(b).

Plaintiff has not alleged that he exhausted his administrative remedies under the FTCA. *See* Compl., ECF No. 2.   The SSA also has searched its records and determined that "no administrative tort claim has been filed against SSA by Mr. Derricott" (Davis Decl. ¶ 4, Defs.' Mem. Ex. 2, ECF No. 14-3).  *See Richmond*, 945 F.2d at 768 (evidence beyond pleadings may be considered on 12(b)(1) motion without converting to summary judgment).  Although the FTCA's time bars under § 2401(b) are non-jurisdictional and subject to equitable tolling, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015), the filing of a state court action does not satisfy the requirement of filing an administrative claim under § 2675(a).  *Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986).  Because "the requirement of filing an administrative claim is jurisdictional and may not be waived," *id.* at 123, Plaintiff's failure to file an administrative claim warrants dismissal of his Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

In any event, the Court should dismiss Plaintiff's Complaint because the Social Security Act jurisdictionally bars his tort claim.  The FTCA permits a limited waiver of sovereign immunity for an individual to sue the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."   28 U.S.C. § 1346(b)(1); *see Quigley v. United States*, 927 F. Supp. 2d 213, 217 (D. Md. 2012).  The Social Security Act provides, however, that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."   42 U.S.C. § 405(h).  Thus, "[a]lthough the FTCA is the exclusive remedy for tort claims against the federal government and its agencies, jurisdiction under the FTCA is barred, pursuant to the exclusive remedy provision

of the Social Security Act, for cases arising under the Social Security Act." *Hronek v. Sec'y, Dep't of Health & Human Servs.*, No. Civ.A.CCB–03–330, 2003 WL 24026306, at \*2 (D. Md. July 7, 2003) (quoting 4 *Social Security Law & Practice* § 58:15 (2003)), *aff'd per curiam*, 78 F. App'x 232 (4th Cir. 2003); *see* 42 U.S.C. § 405(h).

In *Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989), the Fourth Circuit held that 42 U.S.C. § 405(h) barred an FTCA action for damages, which claimed that the SSA's notice of benefits termination was the proximate cause of a man's death. Because a "trial of the present action would require a relitigation of the denial of social security benefits," the court held that the suit arose under the Social Security Act, invoking its exclusive-remedy provision under 42 U.S.C. § 405(h). *Jarrett*, 874 F.2d at 204. "Surely, if in creating the continuing disability review program Congress did not include the right to seek monetary damages because of unconstitutional conduct, Congress also did not intend to allow a claim under the Federal Tort Claims Act for 'improper and wrongful' discontinuance of benefits." *Id.* at 205. Thus, to the extent that Plaintiff's Complaint raises a claim under the FTCA, § 405(h) bars his tort claim, which should be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## C.    Plaintiff Failed to Exhaust Administrative Remedies Pursuant to 42 U.S.C. § 405(g)

Despite the foregoing, Plaintiff's Complaint also may be construed as a challenge to the SSA's adjudication of his disability benefits claim, rather than a tort claim under the FTCA. *See Derricott*, 2015 WL 1268177, at \*3 ("[I]t also appears that a case challenging Derricott's denial of benefits already is pending before Judge Chasanow in *Derricott v. Koch*, No. DKC–14–3234 (D. Md. filed Oct. 15, 2014)."). Because Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 405(g), however, the Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

As noted above, the general federal-question jurisdiction statute, 28 U.S.C. § 1331, does not establish subject-matter jurisdiction for an action challenging a decision of the Commissioner, 42 U.S.C. § 405(h), and instead has allowed such jurisdiction only after the Commissioner has rendered a final decision on an SSI or SSDI entitlement determination. *Chong Su Yi v. Soc. Sec. Admin.*, __ F. Supp. 3d __, Civil Action No. TDC-14-0370, 2015 WL 224947, at *3 (D. Md. Jan. 14, 2015); *see* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."). Thus, plaintiffs must exhaust all administrative remedies before bringing a claim in federal court. *Yi*, 2015 WL 224947, at *3 (citing *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S. Ct. 2013, 2023 (1984); *Weinberger v. Salfi*, 422 U.S. 749, 763-64, 95 S. Ct. 2457, 2465-66 (1975); *Hopewell Nursing Home, Inc. v. Heckler*, 784 F.2d 554, 557 (4th Cir. 1986)); *see Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 2291-92 (1987).

A final decision by the Commissioner is reached after a four-step administrative review process established by the SSA. *Yi*, 2015 WL 224947, at *3 (citing 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5)). At the first step, an initial determination is made about a claimant's entitlement to benefits. *Id.* (citing 20 C.F.R. §§ 404.900(a)(1), 416.1400(a)(1)). If the claimant is not satisfied with the initial determination, he may pursue the second step and ask for reconsideration. *Id.* (citing 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2)). The third step involves a hearing before an ALJ to review the decision. *Id.* (citing 20 C.F.R. §§ 404.900(a)(3), 416.1400(a)(3)). Fourth and finally, the claimant may request a review before the Appeals Council. *Id.* (citing 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4)). "Once the claimant has

exhausted these administrative remedies, he may seek review in federal district court." *Yuckert*, 482 U.S. at 142, 107 S. Ct. at 2291; *see Salfi*, 422 U.S. at 763-64, 95 S. Ct. at 2465-66 (noting that final decision is requirement for judicial review); *Roberson v. Barnhart*, 314 F. Supp. 2d 505, 507-08 (D. Md. 2003).

Here, the Commissioner had not issued a final decision as of the filing date of Plaintiff's Complaint in state court. *See* Defs.' Mem. 9-10 & Exs. 4-5, ECF Nos. 14-1, 14-5 & 14-6. Because Plaintiff did not exhaust his administrative remedies, the Court should dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction under Fed. R. Civ. 12(b)(1).

Moreover, Plaintiff fails to raise a colorable constitutional claim that would have waived the exhaustion requirement. *See Yi*, 2015 WL 224947, at *4. The Commissioner's regulations establish an expedited appeal process by which a plaintiff can bring a claim in federal court directly after receiving an initial determination. *Id.* (quoting 20 C.F.R. §§ 404.900(a)(6), 416.1400(a)(6) ("At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved.")). "The constitutional claim, however, must be entirely collateral to the substantive claim for benefits, such as claims challenging the system-wide failure to follow applicable regulations or claims seeking to invalidate a rule used to determine eligibility for benefits." *Id.* Plaintiff's Complaint contains no such claims. Rather, Plaintiff invokes in his Response the Fourteenth Amendment "not to challenge any part of the [Social Security] Act as unconstitutional on [this ground], but to use [this principle] in an effort to [obtain] his benefits." *Id.* Thus, Plaintiff's reference to the Fourteenth Amendment does not

establish a collateral claim.  *See id.*  Plaintiff accordingly "cannot make use of the expedited appeal process and had to exhaust his administrative remedies before filing suit."  *Id.*

## RECOMMENDATION

For the reasons set forth above, it is respectfully recommended as follows:

(1) The Court **GRANT** Defendants' Motion to Substitute United States as Defendant (ECF No. 14);

(2) The Court **GRANT** Defendants' Motion to Dismiss (ECF No. 14);

(3) The Court **DISMISS** Plaintiff's Complaint (ECF No. 2); and

(4) The Court **CLOSE** this case.

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be served and filed within seventeen days of the date of this Report and Recommendation under Fed. R. Civ. P. 6(d), 72(b), and L.R. 301(5)(b).  Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within seventeen days after the date of this Report and Recommendation may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Date: July 20, 2015                                    _____/s/_____
                                                       Thomas M. DiGirolamo
                                                       United States Magistrate Judge